**Ogletree Deakins**

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

*Attorneys at Law*

Two Stamford Plaza
281 Tresser Boulevard, Suite 602
Stamford, CT 06901-3284
Telephone: 203.969.3100
Facsimile:  203.969.3150
www.ogletree.com

**John G. Stretton**
203-969-3102
john.stretton@ogletreedeakins.com

November 13, 2017

*Via Electronic Mail and Overnight Mail*

The Honorable Victor A. Bolden
United States Courthouse
915 Lafayette Boulevard – Suite 417
Bridgeport, Connecticut 06604
E-mail of clerk to Judge Bolden: *John_Giammatteo@ctd.uscourts.gov*

Re:  Kathleen Russell v. Broder & Orland, LLC, et al., No. 3:17-cv- 01237 (VAB)

**SUPPLEMENTAL AUTHORITY FOR FLSA SETTLMENT APPROVAL**

Dear Judge Bolden:

We submit this letter on behalf of Defendants Broder & Orland, LLC and Carole Topol Orland, Esq. ("Defendants" or "B&O"), in connection with the proposed settlement of the Fair Labor Standards Act cause of action and corresponding telephonic status conference of November 9, 2017 [Dkts. 19-23], in the the matter brought by Plaintiff Kathleen Russell (collectively with Defendants, the "Parties").

As the Court is aware, the Fair Labor Standards Act ("FLSA") recognizes two valid ways by which an individual can settle an FLSA claim: (1) a DOL-supervised settlement under 29 U.S.C. § 216(c)[1], or, (2) employers and employees may seek court approval of proposed settlements of FLSA claims under 29 U.S.C. § 216(b), in order to confirm that it is "a reasonable compromise of disputed issues." *See Lynn's Food Stores v. United States* (679 F.2d 1350, 1354 (11th Cir. 1982) (adversarial context and representation by counsel provides assurances of protection of rights for allowance of stipulated judgments in FLSA claims).

---

[1] *See* 29 U.S.C.A. § 216(c) (West) (Secretary of Labor "is authorized to supervise the payment of the unpaid minimum wages or the unpaid overtime compensation owing to any employee . . . and the agreement of any employee to accept such payment shall upon payment in full constitute a waiver by such employee of any right he may have under" the FLSA).

Atlanta ■ Austin ■ Berlin (Germany) ■ Birmingham ■ Boston ■ Charleston ■ Charlotte ■ Chicago ■ Cleveland ■ Columbia ■ Dallas ■ Denver ■ Detroit Metro ■ Greenville
Houston ■ Indianapolis ■ Jackson ■ Kansas City ■ Las Vegas ■ London (England) ■ Los Angeles ■ Memphis ■ México City (México) ■ Miami ■ Milwaukee ■ Minneapolis
Morristown ■ Nashville ■ New Orleans ■ New York City ■ Oklahoma City ■ Orange County ■ Paris (France) ■ Philadelphia ■ Phoenix ■ Pittsburgh ■ Portland ■ Raleigh ■ Richmond
St. Louis ■ St. Thomas ■ Sacramento ■ San Antonio ■ San Diego ■ San Francisco ■ Seattle ■ Stamford ■ Tampa ■ Toronto (Canada) ■ Torrance ■ Tucson ■ Washington

Honorable Victor A. Bolden
November 13, 2017
Page 2

**Ogletree
Deakins**

The Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) confirmed that settlement of an FLSA claim must be approved by the District Court to be effective, but it did not hold that parties to a case must file a written settlement agreement on the docket before such approval will be provided. The only reference to filing the settlement agreement on the docket was that the District Court judge happened to direct the parties to do so in connection with his efforts to determine whether the settlement was reasonable. The Second Circuit did not address the filing on the docket in its analysis in the case. This makes sense, as there is nothing in the statute stating that an agreement must be filed on a public docket in order to be approved, or, for that matter, that the agreement to settle be reduced to writing. In fact, as noted above, the FLSA provides the Secretary of Labor authority to supervise settlements for claimed wages, despite there being no associated public docket.

District Courts in the Second Circuit, and elsewhere, review and approve FLSA settlements in a variety of ways, including by way of *in camera* review or filing under seal; which would be in accord with the Parties' request here that the terms of the settlement remain private. *See, e.g., Medley v. American Cancer Soc'y*, No. 10 Civ. 3214(BSJ), 2010 WL 3000028, at *1 n. 1 (S.D.N.Y. July 23, 2010) ("Because the terms of the settlement agreement are confidential, it will be filed under seal."); *King v. Wells Fargo Home Mortgage*, No. 2:08–cv–307–FtM–29SPC, 2009 WL 2370640, at *1 (M.D.Fla. July 30, 2009) ("the Settlement Agreement and General Release, filed under seal, is approved as fair and reasonable"); *Trinh v. JPMorgan Chase & Co.*, No. 07–CV–01666 W(WMC), 2009 WL 532556, at *1 (S.D.Cal. Mar. 3, 2009) (the court determined upon *in camera* review that the settlement was fair and reasonable); *Freyre v. Tin Wai Hui DMD, P.A.*, No. 08–22810–CIV, 2009 WL 89283, at *1 (S.D.Fla. Jan. 13, 2009) (*in camera* review and approval of settlement agreement covering FLSA claims); *Perez v. Carey Int'l, Inc.*, No. 06–22225–CIV, 2008 WL 4490750, at *6 (S.D.Fla. Sept. 26, 2008) (in camera review of settlement agreement because "[c]onfidentiality is often an important element in successful settlements" with respect to settlement discussions).

In this case, it was the intent of the Parties that this settlement be treated as private and confidential and, as such, B&O respectfully requests that the settlement agreement be reviewed by the Court *in camera*, or filed under seal, for the Court's review or, in the alternative, that the terms of the settlement be discussed via a telephonic conference with the Court. There is no overriding rationale in this case for requiring the settlement agreement to be filed to the public docket. The settlement of this matter was in fact supervised and effectuated by the Court through an early settlement conference with Magistrate Judge William I. Garfinkel at the request of the Parties in the Rule 26(f) Report filed with the Court. The Parties were represented by competent counsel during settlement discussions, which were vigorously negotiated, such that there is a presumption that all interests are protected. *See Lliguichuzhca v. Cinema 60, LLC*, No. 11 Civ. 4486, 2013 WL 2436526, at * 1 (S.D.N.Y. June 5, 2013) ("bargaining between represented parties weighs in favor of finding a settlement reasonable"). Nobody is contesting that the resolution of the matter is not reasonable, nor is it a class action whereby the public interest may supersede the individual Plaintiff's right to privacy in settlement discussions and resolution.

Honorable Victor A. Bolden
November 13, 2017
Page 3

**Ogletree
Deakins**

      Accordingly, we respectfully ask the Court to review the Parties' settlement agreement *in camera*, or upon filing to docket under seal, or in another method to be agreed upon. Please let me know if we can provide any further information. Thank you for your consideration.

                                      Very truly yours,

                                      John G. Stretton

JGS/cl

cc:   Anthony R. Minchella, Esq. (counsel for Plaintiff)

31984991.2