UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KATHLEEN RUSSELL<br>    Plaintiff,<br><br>            v.<br><br>BRODER & ORLAND, LLC,<br>CAROLE TOPOL ORLAND<br>    Defendants. | No. 3:17-cv-01237 (VAB) |

**Order**

Kathleen Russell ("Plaintiff") filed this lawsuit alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461, and state law. Compl., ECF No. 1. After negotiations with Magistrate Judge Garfinkel, the parties reported that they had reached a settlement agreement and sought court approval to dismiss the case with prejudice. *See* Joint Mot. for Approval of Settlement, ECF No. 19. Additionally, they have continued to maintain that "it was the intent of the Parties that this settlement be treated as private and confidential" and have therefore sought review of the settlement agreement either *in camera* or filed under seal. *See* Defs. Notice Of Supplemental Authority, ECF No. 24 ("Defs. Supp. Notice").

Settlement agreements under the FLSA require court approval in the Second Circuit. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) ("Thus, Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect.").

District courts in the Second Circuit reviewing settlement agreements under *Cheeks* have repeatedly required settlement agreements to be filed on the public docket, rather than under seal.

1

*See Guaman v. Newtown Colony Diner, Inc*, No. 3:15-cv-00353(SALM), 2015 WL 13310281, at *1 (D. Conn. Sept. 25, 2015) ("[U]nless the parties can make a showing that overcomes the presumption of public access to the settlement agreement, the Court will require the parties to file the settlement agreement on the public docket for the Court's consideration");
*Olano v. Designs by RJR, Ltd.*, No. 17-cv-5703, 2017 WL 4460771, at *2 (S.D.N.Y. Oct. 6, 2017) (collecting cases and noting that "[t]he overwhelming majority of courts in this Circuit that have analyzed the propriety of redacting FLSA settlement amounts or filing FLSA settlement agreements under seal have disapproved of those requests because a judicially approved FLSA settlement agreement is a judicial document entitled to the strong presumption of public access, which requires a substantial showing to overcome.") (internal quotations omitted); *accord Ortiz v. Breadroll, LLC*, No. 16-cv-7998 (JLC), 2017 WL 2079787, at *2 (S.D.N.Y. May 15, 2017); *Lopez v. 41-06 Bell Blvd. Bakery LLC*, No. 15-CV-6953 (SJ)(PK), 2016 WL 6156199, at *3 (E.D.N.Y. Oct. 3, 2016), *report and recommendation adopted* No. 15-cv-6953 (SJ) (PK), 2016 WL 6208481 (E.D.N.Y. Oct. 21, 2016); *Golan v. Deutsche Bank Sec. Inc.*, No. 15-cv-221 (PAE), 2015 WL 13322121, at *1 (S.D.N.Y. Dec. 29, 2015); *Thallapaka v. Sheridan Hotel Assocs. LLC*, No. 15CV1321, 2015 WL 5148867, at *1 (S.D.N.Y. Aug. 17, 2015); *Davitashvili v. Beacon Van Line & Storage, Inc.,* No. 15-cv-5575 CBA JO, 2016 WL 3390410, at *1 (E.D.N.Y. May 23, 2016), *report and recommendation adopted* No. 15-cv-5575(CBA)(JO), 2016 WL 3455376 (E.D.N.Y. June 17, 2016).[1]

Defendants maintain that "it was the intent of the Parties that this settlement be treated as private and confidential" and that "there is no overriding rationale in this case for requiring the

---

[1] Defendants rely on out-of-circuit district court decisions or cases that predate *Cheeks* to argue that the settlement should be filed under seal. *See* Defs. Supp. Notice at 2. Given the weight of caselaw cited above, these arguments are unavailing.

settlement agreement to be filed to the public docket." Defs. Supp. Notice at 2. They therefore request that the settlement be submitted to the Court for review either *in camera* or filed under seal. *Id*. The Court disagrees.

There is a "strong presumption of public access" that can only be overcome with a "substantial showing." *Olano,* 2017 WL 4460771, at *2. *See also Bouzzi v. F & J Pine Rest., LLC,* 841 F. Supp. 2d 635, 639 (E.D.N.Y. 2012) ("Thus, a judicially approved FLSA settlement agreement should not be filed under seal, except in the very limited circumstance where parties can make a substantial showing that their need to seal the agreement outweighs the strong presumption of public access that attaches to such judicial documents."). Courts have rejected arguments similar to those advanced by Defendants, namely, that confidentiality was part of the basis of the agreement, or that parties wish to avoid public scrutiny. *Olano,* 2017 WL 4460771 at *2 (rejecting argument that a settlement agreement should be sealed even though "confidentiality was a material term of the settlement"); *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 338–39 (S.D.N.Y. 2012) (rejecting argument that the "fear of copycat lawsuits or embarrassing inquiries suffice to defeat the presumption" of public access to FLSA settlement agreements approved by the court).

Therefore, for the reasons stated above, any settlement agreement between the parties will have to be filed publicly in order for the Court to review it. Consistent with this Order, the parties should proceed in one of two ways:

(1) The parties may file the proposed settlement agreement on the public docket for Court approval; or,

(2) The parties may file notice with the Court that they intend to abandon their settlement agreement and continue to litigate this matter.

The parties shall take one of these actions within thirty (30) days of the date of this Order.

SO ORDERED this 14th day of November at Bridgeport, Connecticut.

<u>/s/ Victor A. Bolden</u>

VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE