UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KATHLEEN RUSSELL, | CIVIL ACTION NO. |
| | 3:17-cv-01237 (VAB) |
| PLAINTIFF, | |
| | |
| v. | |
| | |
| BRODER & ORLAND, LLC | |
| | |
| DEFENDANT. | November 16, 2017 |

**SETTLEMENT AGREEMENT AND RELEASE IN SUPPORT OF
MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE**

Plaintiff Kathleen Russell ("Plaintiff") and Defendants Broder & Orland, LLC and Carole Topol Orland, Esq. ("Defendants") (collectively, the "Parties"), in support of their Joint Motion for Approval of Settlement and Dismissal with Prejudice [Dkt. 19], and this Court's Order of November 14, 2017 [Dkt. 25], hereby files the Settlement Agreement and Release (the "Agreement"), attached hereto as Exhibit A.

The Parties stipulate that this settlement constitutes a joint and fair resolution of a bona fide dispute and, as such, submit the Agreement Court approval pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"). The Parties respectfully request the Court approve the Agreement, and grant the Parties' Joint Motion for Approval of Settlement and Dismissal with Prejudice.

| PLAINTIFF,<br>KATHLEEN RUSSELL | DEFENDANT,<br>BRODER & ORLAND, LLC |
|---|---|
| By: /s/ Anthony R. Minchella<br>Anthony R. Michella, Esq. (ct18890)<br>aminchella@minchellalaw.com<br>984 Southford Road, Suite 14<br>Middlebury, CT 06762<br>Telephone: (203) 758-1069<br>Fax: (203) 758-2074 | By: /s/ John G. Stretton<br>John G. Stretton (ct19902)<br>John.Stretton@ogletreedeakins.com<br>Ogletree, Deakins, Nash, Smoak &<br>Stewart, P.C.<br>Two Stamford Plaza<br>281 Tresser Blvd., Suite 602<br>Stamford, CT 06901<br>Telephone: (203) 969-3100<br>Fax: (203) 969-3150 |

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2017, the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this document through the court's CM/ECF System.

By: <u>/s/ John G. Stretton</u><br>
John G. Stretton

# EXHIBIT A

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This Confidential Settlement Agreement and General Release ("Agreement") is made and entered into by and between Kathleen Russell ("Russell") and Broder & Orland, LLC ("B&O" or the "Company") and Carole Topol Orland, Esq. ("Orland") (B&O and Orland shall collectively be referred to as "Defendants") (Russell and Defendants shall collectively be referred to as the "Parties"), as follows:

**WHEREAS**, on or about July 24, 2017, Russell filed an action in the United States District Court for the District of Connecticut, against Defendants entitled *Kathleen Russell v. Broder & Orland, LLC and Carole Topol Orland, Esq.*, Case No. 3:17-cv-01237 (VLB) (the "Action");

**WHEREAS**, the Company denies all allegations by Russell of improper, illegal, discriminatory, or otherwise actionable conduct during her employment and/or as alleged in the Action;

**WHEREAS**, the Parties participated in a settlement conference on October 13, 2017 before the Honorable William I. Garfinkel to discuss resolution of the claims and disputes by Russell;

**WHEREAS**, the Parties came to an agreement and desire to now resolve fully and finally any and all claims and disputes by Russell against the Releasees (identified below), including, but not limited to, the claims raised in the Action and any and all known and unknown claims arising out of Russell's employment and the termination thereof; and;

**NOW, THEREFORE**, in consideration of the mutual covenants and promises contained herein, the Parties hereto agree as follows:

1. Consideration. The Company shall issue two (2) checks and remit the total gross amount of Thirty Five Thousand Dollars ($35,000.00) (the "Settlement Sum") to Russell. The Settlement Sum shall be paid in the following manner:

   a) A check made payable to "Kathleen Russell" in the gross sum of Thirty Thousand Dollars and Zero Cents ($30,000.00), less tax withholdings and other deductions as required by law and pursuant to Russell's W-4 on file, for alleged lost wages and/or compensation. B&O shall issue a W-2 Form to Russell in connection with this payment.

   b) A check made payable to "Minchella and Associates LLC" in the amount of Five Thousand Dollars and Zero Cents ($5,000.00) for alleged claims for attorneys' fees. B&O shall issue a Form 1099 to counsel for Russell in connection with this payment.

   The Company agrees to issue payment of the Settlement Sum within fourteen (14) business days of the later of: (i) counsel of record for Defendants receives the fully executed original of this Agreement, (ii) a Joint Stipulation of Dismissal pursuant to the Federal Rules of Civil Procedure dismissing all of Russell's claims with prejudice has been filed, and (iii) the Effective Date of the Agreement, as defined below, has passed without revocation.

2. Tax Indemnification. Russell agrees that she has not relied on any advice from Defendants, or attorneys for Defendants, concerning whether payments made pursuant to this Agreement are taxable, but is relying on her own judgment under current law. Russell further

Page 1 of 5

agrees to defend, indemnify, and hold Defendants harmless for any taxes, penalties, interest, costs, or attorney's fees that Defendants may incur or may be liable to pay as the direct or indirect consequence of Russell's failure to pay any taxes due or owing as a result of making the aforesaid payments.

3. <u>No Consideration Absent Execution of this Agreement.</u> Russell understands and agrees that Russell would not receive the monies specified in Paragraph 1 above, except for Russell's execution of this Agreement and the fulfillment of the promises contained herein.

4. <u>General Release of Claims.</u> In exchange for the Defendants' promises under this Agreement, including the payments described in Paragraph 1, Russell, on behalf of herself as well as her heirs, executors, administrators and assigns, knowingly and voluntarily releases and forever discharges, to the full extent permitted by law, Broder & Orland, LLC, its owners, affiliates, insurers, related entities, predecessors, successors, assigns, employees, officers, directors, attorneys, insurers, representatives and agents, individually and in their corporate capacities, including but not limited to Carole Topol Orland and Eric Broder, and the Company's employee benefit plans, programs and arrangements, and their administrators, functionaries and fiduciaries (collectively referred to as the "Releasees"), of and from any and all claims, known and unknown, asserted and unasserted, which Russell has or may have against Releasees as of the date of execution of this Agreement, including, but not limited to, any alleged violation of FLSA, ERISA, Age Discrimination in Employment Act, the Older Workers Benefits Protection Act, Title VII of the Civil Rights Act of 1964; and Medical Leave Act; Connecticut Fair Employment Practices Act, any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance; any public policy, contract, tort, or common law; any allegation for costs, fees, or other expenses including attorneys' fees any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance; any public policy, contract, tort, or common law; or any allegation for costs, fees, or other expenses including attorneys' fees; provided, however, that this release shall not impact Russell's existing right to receive vested benefits under the Broder & Orland, LLC Pension Plan.

5. <u>Affirmations.</u> Russell affirms that she has not filed or caused to be filed, and is not presently a party to, any claim, complaint, or action against any one or more of the Releasees in any forum or form, other than the Action defined herein. Russell further affirms that other than the consideration provided for herein, she is not entitled to and will not receive any additional compensation or benefits of any kind from B&O in consideration for her release, promises, and covenants in this Agreement, and that no representations have been made to her regarding any such additional compensation or benefits. Russell further affirms that she has been paid, and/or has received all leave (paid or unpaid), compensation, wages, vacation pay, bonuses, commissions and/or benefits to which she may have been entitled from Defendants through the date Russell executes this Agreement, including for all hours of work, including any and all overtime hours worked, and that no other leave (paid or unpaid), compensation, wages, vacation pay, bonuses, commissions, and/or benefits are due to her from Defendants. Russell further affirms that she has no known workplace injuries or occupational diseases, and that she has been provided and/or has not been denied any leave to which she was entitled under any federal, state or local family/medical or disability leave law, or any other related state of local laws. Russell agrees further that the consideration contained in this Agreement encompasses all of the consideration for her release of any and all claims she may have had against Defendants and that

such claims are hereby irrevocably waived and released. Russell further affirms that she has not been retaliated against for reporting any allegations of wrongdoing by Defendants, the Releasees or their officers. Both parties acknowledge that this Agreement does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. However, if Russell shall file such a charge or complaint, she shall not be entitled to recover, and waives her right to receive, any monetary or other individual remedy, to the extent permitted by law.

6. Confidentiality. The Parties agree not to disclose any information regarding the negotiation, existence, terms or substance of this Agreement, except as necessary to such Party's attorneys, accountants, bookkeepers, payroll administrators and/or tax advisors or within the marital relationship; provided, however, that any such person or entity to whom disclosure is to be made first agrees to keep such information strictly confidential as contemplated by this Agreement and, should such person or entity fail to keep such information confidential, Russell or Defendants, as the case may be, shall be liable for such person or entity's breach of this obligation of confidentiality. If asked about the Action, Defendant shall indicate only that the Action has been "resolved." Nothing in this paragraph, or elsewhere in this Agreement, is intended to prevent or prohibit Russell from making any disclosure of information required or expressly protected by law, including providing truthful testimony if required to do so by court order or legal or administrative process; or cooperating in any investigation brought by any federal, state or local regulatory or law enforcement agency or legislative body, any self-regulatory organization. Russell expressly acknowledges that a violation of her obligations under this paragraph shall constitute a material breach of this Agreement and the damage to Defendants will be difficult to ascertain. Russell therefore agrees that if a court of competent jurisdiction finds such a breach of this paragraph, she is liable to Defendants for a sum of $5,000.00 per breach, which she agrees is reasonable, without prejudice to any other equitable or legal relief that may be available to Defendants, without affecting the legality of this Agreement (the "Liquidated Damages Remedy").

7. Non-Disparagement. Russell agrees that she shall not issue, nor participate in, any communication, written, verbal or otherwise, that disparages, criticizes, or otherwise reflects adversely upon B&O, Carole Topol Orland, Esq., Eric J. Broder, Esq., any of the Releasees, or their products or services. Carole Topol Orland, Esq. and Eric Broder, Esq. agree that they shall not issue, nor participate in, any communication, written, verbal or otherwise, that disparages, criticizes, or otherwise reflects adversely upon Russell. The Parties expressly acknowledge that a violation of her/his obligations under this paragraph shall constitute a material breach of this Agreement and the damage to the non-breaching party will be difficult to ascertain. The Parties therefore agrees that if a court of competent jurisdiction finds such a breach of this paragraph, the non-breaching party shall be entitled to the Liquidated Damages Remedy.

8. Resolution of Disputed Wages. Russell acknowledges that, prior to or as a result of the Settlement Sum provided for in this Agreement, she has been paid any and all wages claimed to be due from Releasees, and that no other amounts are due to Russell from Releasees. Russell acknowledges that the Settlement Sum she is receiving is to settle a bona fide dispute between the Parties as to the existence and amount of any such claims. Russell represents and agrees that the Settlement Sum she is receiving covers in full any wages, damages, injuries, penalties, interest, expenses or fees that she claims to be owed.

9. _Medicare._ Russell warrants and represents that she is not a Medicare beneficiary as of the date of this Agreement and Release. Because Russell is not a Medicare recipient as of the date of this Agreement and Release, no conditional payments have been made by Medicare. This settlement is based upon a good faith determination of the Parties to resolve a disputed claim. The Parties have not shifted responsibility of medical treatment to Medicare in contravention of 42 U.S.C. Sec. 1395y(b). The Parties resolved this matter in compliance with both state and federal law. The Parties made every effort to adequately protect Medicare's interest and incorporate such into the settlement terms.

10. _No Re-Employment._ Russell agrees that her employment relationship with B&O has been permanently and irrevocably severed, and that B&O and the Releasees have no obligation, contractual or otherwise, to hire, re-hire, or re-employ her in the future, and Russell agrees not to re-apply for employment with B&O or the Releasees. Russell agrees that this Agreement constitutes sufficient good cause and reason to deny any employment application. If B&O receives an inquiry concerning Russell's employment with it, B&O will verify only the dates of employment and rate of Russell's pay.

11. _ADEA Waiver and Revocation Period._ Russell acknowledges and agrees as follows: This Agreement is written in a manner that is understandable to her and she has carefully read and fully understands the provisions and terms of this Agreement and agrees to such provisions and terms; Russell is not waiving rights or claims that may arise after the date that this Agreement is executed; Russell is waiving rights or claims in exchange for consideration which is in addition to anything of value to which she already was entitled; Russell is advised to consult with an attorney which she may freely choose prior to signing this Agreement and has done so; Russell has been given a period of up to twenty-one (21) days within which to consider whether to sign this Agreement; Russell has a period of seven (7) days following her execution of this Agreement in which to revoke the Agreement ("Revocation Period") by delivering by fax or email transmission (and retaining proof of successful transmission) to B&O a written notice of revocation, with such notice sent to counsel for B&O at: John G. Stretton, Ogletree, Deakins, Nash, Smoak & Stewart, 281 Tresser Blvd., Ste. 602, Stamford, CT, 06901. This Agreement will become effective and enforceable on the eighth day after the date it is signed by Russell, provided that Russell has delivered the signed Agreement to B&O and did not revoke the Agreement ("Effective Date").

12. _Governing Law and Interpretation._ This Agreement shall be governed and conformed in accordance with the laws of the State of Connecticut without regard to its conflict of laws provision. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

13. _Non-Admission of Wrongdoing._ The Parties agree that neither this Agreement nor the furnishing of the consideration for this Release shall be deemed or construed at any time for any purpose as an admission by either party of any liability or unlawful conduct of any kind.

14. _Amendment._ This Agreement may not be modified, altered, or changed except upon express written consent of both parties wherein specific reference is made to this Agreement.

15.  Entire Agreement. This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Russell acknowledges that she has not relied on any representations, promises, or agreements of any kind made to her in connection with Russell's decision to accept this Agreement, except for those set forth in this Agreement.

16.  Counterparts. This Agreement may be executed in any number of counterparts and with facsimile signatures, with the same effect as if all of the parties hereto had signed the same document. All counterparts shall be construed together and shall constitute one agreement.

**RUSSELL WARRANTS SHE HAS READ THIS AGREEMENT AND THAT SHE UNDERSTANDS THIS AGREEMENT, AND FREELY AND KNOWINGLY ENTERS INTO THIS AGREEMENT.**

Dated: 10/31/2017

_____
KATHLEEN RUSSELL

Dated: 11/6/17

By_____
BRODER & ORLAND, LLC
By: Eric J. Broder and Carole Topol Orland
Its Members

Dated: 11/6/17

By_____
CAROLE TOPOL ORLAND, ESQ.
In her Individual Capacity

31606886.3

31606886.5