UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KATHLEEN RUSSELL
    Plaintiff,

v.

No. 3:17-cv-1237 (VAB)

BRODER & ORLAND, LLC,
    Defendant.

**Ruling on Parties' Joint Motion for Settlement Approval**

Kathleen Russell ("Plaintiff") filed this lawsuit alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461, and state law. Compl., ECF No. 1. After negotiations with Magistrate Judge Garfinkel, the parties reported that they had reached a settlement agreement and sought court approval to dismiss the case with prejudice. *See* Joint Mot. for Approval of Settlement, ECF No. 19.

The motion will be **DENIED** the motion without prejudice for the reasons stated below.

**I.**     **Discussion**

The Fair Labor Standards Act "is a uniquely protective statute." *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d. Cir. 2015). In light of these protections, courts in the Second Circuit are required to approve settlement agreements where the parties seek dismissal with prejudice of FLSA claims. *Id.* at 206 ("Thus, Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect.").

After reviewing the proposed Settlement Agreement between the parties in this case, the Court has three main concerns in light of *Cheeks*. First, the agreement contains a broad release clause. Second, the agreement contains non-disparagement and confidentiality clauses that would include truthful statements about the litigation. Third, the parties have not submitted any documentation for the Court to adjudicate whether or not the settlement agreement fairly resolves a bona fide dispute. The Court is therefore unable to approve the proposed settlement without further modification.

### A.     Release Terms

Courts within the Second Circuit have examined broad release clauses with skepticism, especially when the terms go beyond the types of claims raised an initial complaint. *See, e.g., Thallapaka v. Sheridan Hotel Assocs. LLC,* No. 15CV1321, 2015 WL 5148867, at *1 (S.D.N.Y. Aug. 17, 2015) ("This Court will not sanction releases in FLSA cases where the parties purport to waive 'practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issue.'") (*quoting Camacho v. Ess–a–Bagel, Inc.*, 14 Civ. 2592(LAK), 2015 WL 129723, at *1 (S.D.N.Y. Jan. 9, 2015)); *Olano v. Designs by RJR, Ltd.*, No. 17CV5703, 2017 WL 4460771, at *3 (S.D.N.Y. Oct. 6, 2017) (rejecting "general release of all past, current, or future claims, whether known or unknown, suspected or unsuspected, relating to any matter up to the execution date of the Settlement Agreement, which is not limited to claims related to this action or Plaintiff's employment with Defendants.")

The Settlement Agreement at issue here includes a broad release section. Settlement Agreement ¶ 4, ECF No. 26. Ms. Broder "knowingly and voluntarily releases and forever discharges" Defendants "of and from any and all claims, known and unknown, asserted and

unasserted, which Russell has or may have against Releases as of the date of execution." *Id.* By the terms of the Agreement, *id.*, these include:

> [A]ny alleged violation of FLSA, REZA, Age Discrimination in Employment Act, the Older Workers Benefits Protection Act, Title VII of the Civil Rights Act of 1964; and Medical Leave Act; Connecticut Fair Employment Practices Act, any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance; any public policy, contract, tort, or common law; any allegation for costs, fees, or other expenses including attorneys' fees any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance; any public policy, contract, tort, or common law; or any allegation for costs, fees, or other expenses including attorneys' fees; provided, however, that this release shall not impact Russell's existing right to receive vested benefits under the Broder & Orland, LLC Pension Plan.

The broad language of the clause seems to sweep beyond the release of the type of claim settled in this FLSA action, especially given the inclusion of past and future claims under tort, common law, or federal, state, and local human rights law.

Additionally, the scope of the release provision stretches beyond the claims initially alleged by Ms. Russell in her Complaint, which included FLSA and ERISA claims, as well as claims under Connecticut wage and hour laws. *See* Compl. *Compare with Panganiban v. Medex Diagnostic & Treatment Ctr., LLC*, No. 15CIV2588AMDLB, 2016 WL 927183, at *3 (E.D.N.Y. Mar. 7, 2016) (approving of broad waiver including human rights claims because plaintiff had pled those claims in the original complaint and "at the very least, the plaintiff is aware of her claims arising under these statutes.")

Therefore, the Court cannot approve the Settlement Agreement as it is currently drafted, given its scope.

### B.   Non-Disparagement and Confidentiality Sections

The proposed settlement agreement includes two provisions that limit the plaintiff's ability to discuss the present litigation. First, the agreement includes a confidentiality provision that prevents the parties from disclosing "any information regarding the negotiation, existence,

terms or substance of this agreement . . . ." Settlement Agreement ¶ 6. The provision states that Ms. Russell may make "any disclosure of information required or expressly protected by law, including providing truthful testimony if required to do so by court order or legal or administrative process; or cooperating in any investigation brought by any federal, state or local regulatory or law enforcement agency or legislative body, any self-regulatory organization." *Id.* Second, the agreement includes a non-disparagement provision under which "Russell agrees that she shall not issue, nor participate in, any communication, written, verbal or otherwise, that disparages, criticizes, or otherwise reflects adversely upon" Defendants. *Id.* at ¶ 7.

Courts in this Circuit have routinely rejected agreements that contain similar confidentiality and non-disparagement clauses. *See Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 179–80 (S.D.N.Y. 2015) (noting in pre-*Cheeks* case that "a non-disclosure agreement in an FLSA settlement, even when the settlement papers are publically available on the Court's docket, is contrary to well-established public policy because it inhibits one of the FLSA's primary goals—to ensure that all workers are aware of their rights.") (internal quotation marks omitted); *Camacho v. Ess-A-Bagel, Inc.,* No. 14-CV-2592 LAK, 2015 WL 129723, at *2 (S.D.N.Y. Jan. 9, 2015) ("In other words, while the revised agreement itself now would be publicly available on the Court's docket, the agreement imposes an obligation on the plaintiff—a gag order, really—to refrain from discussing any aspect of the case or the settlement."); *Hector Galindo, Plaintiff, v. East County Louth Inc. d/b/a The Penny Farthing, et al.,* No. 16-CV-9149 (KPF), 2017 WL 5195237, at *5 (S.D.N.Y. Nov. 9, 2017) ("This non-disparagement clause is overly restrictive. Although not every non-disparagement clause in an FLSA settlement is objectionable, clauses that effectively bar plaintiffs from making any negative statements about the defendants cannot stand.").

4

FLSA requires that, at a minimum, any such settlement agreement include a carve-out for "truthful statements about plaintiffs' experience litigating their case." *Nights of Cabiria*, 96 F. Supp. 3d at 180, n.65; *accord Galindo*, 2017 WL 5195237 at *5; *Martinez v. Gulluoglu LLC*, No. 15-CV-2727 (PAE), 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016).

While the Settlement Agreement's posting to the public docket does remove some of its concern regarding the confidentiality provision, the Settlement Agreement does appear to bar Ms. Russell from making truthful statements about the litigation. Therefore, the Court cannot approve the Agreement in its current form.

### C.     Documentation

The Settlement Agreement also provides that the Defendants will pay $35,000 to Ms. Russell, which includes $5,000 in attorneys' fees to Ms. Russell's counsel. This would put the percentage of the total award spent on attorneys' fee well below the thirty-three percent threshold normally applied in this Circuit. *See* Martinez *v. Gulluoglu LLC*, No. 15 CIV. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) ("Barring unusual circumstances not present here, courts in this District have declined to award fees constituting more than one-third of the total settlement amount in an FLSA action."); *Thornhill v. CVS Pharmacy*, *Inc.*, No. 13 CIV. 5507 JMF, 2014 WL 1100135, at *3 (S.D.N.Y. Mar. 20, 2014) (noting in FLSA action that courts in the Second Circuit "typically approve attorney's fees that range between 30 and 33" percent and collecting pre-*Cheeks* cases).

The Court, however, lacks any documentation as to Ms. Russell's alleged damages and, therefore, whether $35,000 represents a fair settlement of her claims. *See, e.g.*, *Wolinsky v. Scholastic Inc*., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (noting Court should consider "the plaintiff's range of possible recovery" as well as "the extent to which the settlement will enable

the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses," among other considerations) (internal quotation marks omitted). Without further documentation, the Court is unable to determine whether or not the proposed $35,000 settlement adequately accounts for the plaintiff's possible range of recovery balanced against the burdens and expenses of further litigation.

## CONCLUSION

Given the concerns addressed above, the Court is unable to approve the Settlement Agreement as written. The parties' Joint Motion for Settlement Approval is therefore **DENIED without prejudice.** Consistent with this Order, the parties should proceed in one of two ways:

(1) file an amended settlement agreement and accompanying documentation on the public docket for Court approval addressing the concerns raised above; or,

(2) file notice with the Court that they intend to abandon their settlement agreement and continue to litigate this matter.

The parties shall take one of these actions within thirty (30) days of the date of this Order.

SO ORDERED this 28th day of November at Bridgeport, Connecticut.

/s/ Victor A. Bolden

VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE